UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KERVIN JEANTY,
                         Plaintiff,

**ORDER**

v.

18 CV 7721 (VB)

PRECISION PIPELINE SOLUTIONS LLC,
                         Defendant.
------------------------------------------------------------x

       On November 19, 2019, defendant filed a letter-motion requesting a pre-motion discovery conference due to pro se plaintiff's failure to submit initial disclosures and failure to respond to any document request or interrogatory. (Doc. #44). The same day, the Court ordered plaintiff by December 3, 2019, to respond in writing to defendant's letter-motion. (Doc. #45).

       Plaintiff failed to respond to defendant's letter-motion by December 3, 2019. Thus, the Court sua sponte extended to December 26, 2019, plaintiff's time to respond. (Doc. #48). The Court warned plaintiff, in bold and underlined font, that if plaintiff failed to comply with the Court's Order, the Court might impose sanctions including, but not limited to, dismissal of this case. (Id.).

       Plaintiff failed to comply with the Court's Order. Thus, the Court sua sponte extended to January 21, 2020, plaintiff's time to respond to defendant's letter-motion. (Doc. #49). The Court warned plaintiff, in bold and underlined font, that if plaintiff failed to comply with the Court's Order, the Court would impose sanctions including, but not limited to, potential dismissal of this case. (Id.).

       To date, plaintiff still has not responded to defendant's letter-motion. However, plaintiff filed two documents, both dated January 21, 2020. The first is titled, "Responses to Interrogatories and Requests for Production of Documents" (Doc. #52); the second is titled, "Response to Requests for Admission" (Doc. #53).

       Accordingly, it is HEREBY ORDERED:

       1.     By January 29, 2020, defendant shall file a letter informing the Court whether, in light of plaintiff's submissions, it still seeks a pre-motion discovery conference regarding the discovery relief requested in its November 19, 2019, letter-motion (Doc. #44).

       2.     Plaintiff is a sophisticated pro se litigant, having represented himself in multiple other lawsuits in the Southern District of New York. See, e.g., Jeanty v. Town of Newburgh N.Y., 18 Civ. 2022 (S.D.N.Y.); Jeanty v. Newburgh Beacon Bus Corp. et al., 17 Civ. 9175 (S.D.N.Y.). Accordingly, the degree of solicitude to which he is entitled may be lessened. Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010). In other words, should plaintiff's dilatory and improper conduct continue, the Court will sanction him.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is directed to mail a copy of this Order to plaintiff at the address on the docket.

Dated: January 24, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge