B2UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
KERVIN JEANTY,                                  :
                        Plaintiff,             :        **ORDER**
                                                :
v.                                              :        18 CV 7721 (VB)
                                                :
PRECISION PIPELINE SOLUTIONS, LLC,              :
                        Defendant.             :
---------------------------------------------------------------x

       This Order addresses two letter-motions filed by counsel for defendant on April 6, 2020. In the first, defendant requests sanctions be imposed against plaintiff for failing to submit his Fed. R. Civ. P. 26(a)(1) initial disclosures pursuant to the Court's March 9, 2020, Order. (Doc. #62). Second, defendant submits a pre-motion letter in advance of filing a summary judgment motion in accordance with the Court's March 9, 2020, Order. (Doc. #63).

       Plaintiff's initial disclosures were originally due on September 19, 2019. (Doc. #43).

       On November 19, 2019, defendant filed a letter seeking a pre-motion discovery conference in part because plaintiff had not served his initial disclosures. (Doc. #44). On that same day, the Court entered an Order directing plaintiff to respond to defendant's letter and stating plaintiff's pro se status did not excuse his obligation to comply with the discovery provisions of the Federal Rules and the Court's Orders. (Doc. #45). Plaintiff failed to respond to defendant's letter despite the Court granting him two sua sponte extensions to do so. (Docs. ##48, 49). Each of these two Orders warned that plaintiff's failure to comply with the Court's Order would lead to sanctions. (Id.).

       Though plaintiff improperly filed two discovery documents on the docket on January 21, 2020, plaintiff still did not respond to the November 19, 2019, letter. (See Doc. #54). The Court again warned plaintiff that if he continued with such dilatory actions, the Court would sanction him. (Id.).

       As of the March 9, 2020, status conference, plaintiff still had not filed the initial disclosures. At the conference, attended by plaintiff appearing pro se and counsel for defendant, the Court provided to plaintiff the pro se Discovery Guide for a second time and directed plaintiff to the specific page on which initial disclosure requirements are explained. The Court ordered that plaintiff was required to file his initial disclosures by March 23, 2020. That same day, the Court issued an Order stating "plaintiff shall file his initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by no later than March 23, 2020. **No extensions will be granted and failure to comply may result in sanctions on plaintiff.**" (emphasis in original) (Doc. #57).

       In the same March 9, 2020, Order, the Court also scheduled a case management conference for April 24, 2020, at 3:00 p.m. (Doc. #57). The Court instructed that if either party intended to move for summary judgment, that party's pre-motion conference letter would be due April 10, 2020, and any response by plaintiff or defendant to the other party's pre-motion

1

conference letter would be due April 17, 2020.  (See Judge Briccetti's Individual Practices, ¶ 2.B.ii).

Accordingly, it is HEREBY ORDERED:

1. The Court GRANTS defendant's request for sanctions.  Plaintiff "is not allowed to use [] information or witness[es] [required to be disclosed under Rule 26(a)] to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. Pro. 37(c)(1).  For any future motion, hearing, or trial, plaintiff may only rely upon information and witnesses that have been disclosed to or identified to defendant as of April 6, 2020.  The Court will disregard all other evidence.

If plaintiff continues to disregard this Court's Orders, **the Court will impose further sanctions, including potentially dismissing this action for failure to prosecute or comply with Court Orders.  See Fed. R. Civ. P. 37(b).**

2. Plaintiff's response, if any, to defendant's pre-motion letter is due on April 17, 2020.

3. The April 24, 2020, 3:00 p.m. conference will proceed as scheduled and will serve as a pre-motion conference.  **At the time of the conference, defense counsel and plaintiff shall use the following information to connect by telephone:  Dial-In Number: (888) 363-4749 (toll free) or (215) 446-3662; Access Code:  1703567.**

4. Counsel for defendant shall mail a copy of this Order to plaintiff at the address on the docket by April 10, 2020, and file proof of same on the ECF docket.

5. Counsel for defendant shall file on the ECF docket a copy of any response by plaintiff to defendant's pre-motion conference letter if counsel receives any such letter before it is docketed on ECF by the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is directed to terminate the letter-motions.  (Docs. ##62, 63).

Dated: April 7, 2020
   White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge